UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN DOE,

    Plaintiff,

v.

GEICO CASUALTY COMPANY,

    Defendants.

Case No. 19-cv-1358-JPG

**MEMORANDUM AND**
**ORDER TO SHOW CAUSE**

    This matter comes before the Court for case management purposes. Information in the notice of removal (Doc. 1) suggests that the plaintiff's true name is not John Doe and that he is attempting to litigate this case anonymously using a pseudonym.

    Litigating a federal case anonymously is generally not permitted. "Judicial proceedings are supposed to be open . . . in order to enable the proceedings to be monitored by the public. The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity." *Doe v. City of Chi.*, 360 F.3d 667, 669 (7th Cir. 2004). For this reason, there is a presumption that a plaintiff's identity is public information unless the plaintiff rebuts that presumption by showing the harm to the party exceeds the likely harm from concealment. *Id.* Sufficient harm from disclosure has been found to exist, for example, where the plaintiff is "a minor, a rape or torture victim . . . a closeted homosexual, or . . . a likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing." *Id.* The Court has an obligation to determine the appropriateness of a plaintiff's concealing his name in derogation of the normal method of proceeding in federal court. *Id.* at 669-70 (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin, supra,* 112 F.3d 869, 872 (7th Cir. 1997)).

There is no indication in this case why the plaintiff is attempting to pursue this case anonymously, so the Court cannot determine whether such secrecy is justified. Accordingly, the Court **ORDERS** the plaintiff to **SHOW CAUSE** on or before January 3, 2020, why the Court should not dismiss this case for failure to prosecute it in the true name of the real party in interest as required by Federal Rule of Civil Procedure 17(a). An amended complaint using the plaintiff's true name shall be considered an adequate response to this order to show cause. Should the plaintiff fail to respond to this order to show cause in a timely manner, the Court may dismiss this action for failure to sue in the name of the real party in interest and/or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

**IT IS SO ORDERED.**
**DATED:  December 18, 2019**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**