UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOWELL THOMAS LAKIN,

    Plaintiff,

    v.

GEICO CASUALTY COMPANY,

    Defendant.

Case No. 19-cv-1358-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Lowell Thomas Lakin's motion to remand this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois (Doc. 9). Defendant GEICO Casualty Company ("GEICO") has responded to the motion (Doc. 15), and Lakin has replied to that response (Doc. 19). The Court further considers Lakin's motion for leave to cite additional authority (Doc. 24). Finally, the Court notes that the parties reference a motion for voluntary dismissal, but no such motion appears in the record.

Lakin brought this suit in state court against GEICO, the issuer of Lakin's automobile insurance policy, after he was involved in an automobile accident with an underinsured motorist on January 19, 2016. Under that policy, all parties agree that the maximum amount arguably due to Lakin was $50,000, the policy limits for underinsured motorist ("UIM") coverage reduced by a payment received from the underinsured motorist's insurer.

On November 1, 2019, Lakin filed a complaint under the name of "John Doe" in state court seeking payment of that $50,000 of UIM coverage under a breach of the insurance contract theory (Count I) plus statutory damages, attorney fees, and costs under 215 ILCS 5/155 for an unreasonable and vexatious delay in settling Lakin's claim (Count II). Lakin's complaint states that he sought more than $50,000 in damages. On December 13, 2019, GEICO timely removed

this case from state court because the parties are diverse and it believes the amount in controversy exceeds $75,000 exclusive of interest and costs. Therefore, it believes the Court has original diversity jurisdiction under 28 U.S.C. § 1332(a) and removal is proper under 28 U.S.C. § 1441(a).

After the case was removed, the Court questioned why Lakin was suing as a "John Doe," and in response, on January 2, 2020, Lakin filed an amended complaint using his real name. That was not the only change the amended complaint made; it also changed the prayer for relief to explicitly seek damages of between $50,000 and $74,000 in the aggregate for all counts. The following day, Lakin filed the pending motion to remand this case for failure to satisfy the minimum amount in controversy to establish original diversity jurisdiction, supporting the motion with an affidavit confirming he disclaims any damages in excess of $74,000.

A defendant may remove to federal court a case filed in state court if the federal court would have original jurisdiction to hear the case. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A federal court has original diversity jurisdiction where the parties are completely diverse and where more than $75,000, exclusive of interest and costs, is in issue. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

No party disputes that the parties are completely diverse; the amount in controversy is the only real question. GEICO, as the party seeking to invoke federal jurisdiction, bears the burden

of demonstrating by a preponderance of the evidence facts showing that the plaintiff stands to recover more than $75,000 in the suit. *McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). After the Court decides any contested facts relevant to the amount in controversy, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian*, 441 F.3d at 542; *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("[T]he sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.")

In cases removed on the basis of original diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed. *Meridian*, 441 F.3d at 538; *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). Post-removal events to reduce the amount in controversy do not negate the establishment of a jurisdictionally sufficient amount at the time of removal. *St. Paul Mercury*, 303 U.S. at 289-90; *Rising-Moore*, 435 F.3d at 816. Thus, even if a plaintiff makes an irrevocable promise after the case is removed not to accept more than the jurisdictional minimum, the Court would not be justified in remanding the case if federal jurisdiction existed at the time of removal. *St. Paul*, 303 U.S. at 292-93; *Rising-Moore*, 435 F.3d at 816; *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*).

Furthermore, limiting a prayer for relief does not lower the amount in controversy because, under both federal and Illinois rules, a prayer for relief does not limit the awardable

3

relief. See Fed. R. Civ. P. 54(c) ("Every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"); 735 ILCS 5/2-604 (eff. to Dec. 31, 2019) ("the prayer for relief does not limit the relief obtainable"), *repealed by* Ill. Pub. A. 101-403 § 10 and *replaced by* 735 ILCS 5/2-604.2(c) (eff. Jan. 1, 2020) ("the remedies requested from the court do not limit the remedies available").

Thus, in this case, GEICO must establish by a preponderance of the evidence facts showing that that more than $75,000 was in issue on December 13, 2019, the day of removal. Lakin's post-removal attempts to keep the amount in controversy to less than $74,000 are irrelevant to the jurisdictional question.

GEICO has met its burden. As of November 1, 2019, it was clear that more than $75,000 was in issue exclusive of interest and costs. In Lakin's original complaint filed that day, he asserts that GEICO refused to pay the $50,000 it owed him in UIM coverage, forcing him to sue. Compl. ¶ 12 of Ct. I, ¶ 18 of Ct. 2 (Doc. 1 at 7, 8). He also sought, among other things, statutory damages under 215 ILCS 5/155. Compl. ¶ 15 of Ct. 2 (Doc. 1 at 8). That statute allows an award of attorney fees and costs, plus the lowest of these three things:

> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155(1). Subsection (a) yields a potential statutory damage amount of 60% of the potential $50,000 award, or $30,000; subsection (b) is $60,000; and subsection (c) is likely to be $50,000, the difference between the potential UIM coverage amount and the goose egg Lakin

4

claims GEICO offered before the lawsuit. Thus, Lakin's maximum potential statutory award on November 1, 2019, was $30,000, the lower of the amounts in (a), (b), and (c). Adding that $30,000 to the $50,000 Lakin sought in unpaid UIM coverage in Count I, the amount in controversy at that time was $80,000, plus unspecified attorney fees incurred to that date.

The situation did not change with the amended complaint filed on January 2, 2020. Lakin continued to allege that GEICO refused to settle his UIM coverage claim and owed him $50,000 for breaching the insurance contract. Am. Compl. ¶ 12 of Ct. I, ¶ 18 of Ct. 2 (Doc. 8 at 2, 3). Lakin's suggestion that GEICO had already paid him the $50,000 at that time is belied by his pleading clearly indicating GEICO still owed him the money. He still sought statutory damages, Am. Compl. ¶ 15 of Ct. 2 (Doc. 8 at 3), which still amounted to an additional $30,000. It is clear the amount of damages sought did not change from the filing of the original complaint to the filing of the amended complaint, a period which included December 13, 2019, the date of removal. Consequently, at least $80,000, exclusive of interest and costs, was in issue on the date of removal, and jurisdiction before this court is proper.

Lakin asks the Court for leave to cite additional authority, namely, *Atteberry v. Esurance Insurance Services, Inc.*, 473 F. Supp. 2d 876 (N.D. Ill. 2007), a district court case from 2007 (Doc. 24). Lakin made this request after filing his reply brief, yet he did not offer any legitimate reason for not referring to the pre-existing authority in that brief. The Court therefor considers it more akin to a sur-reply brief than to a request to cite additional authority that was not available at the time of the original briefing. Local Rule 7.1(c) prohibits sur-reply briefs, so the Court will deny the motion.

Additionally, even if the Court had accepted the additional authority of *Atteberry*, the

5

Court has reviewed it and found that it does not persuade the Court that Lakin's position has merit. In fact, it supports the Court's conclusion because it declines to find the $60,000 amount in 215 ILCS 5/155(1)(b) can be counted toward the amount in controversy where there is no indication that amount is less than the 60% of the potential recovery amount in 215 ILCS 5/155(1)(a). *Atteberry*, 473 F. Supp. 2d at 877. Here, there is a clear indication that the (a) amount is less than the (b) amount, and the Court has only used the (a) amount to calculate the amount in controversy.

For the foregoing reasons, the Court finds that, at the time this case was removed, Lakin stood to recover more than $75,000, exclusive of interest and costs, if he prevailed in this suit. Therefore, it is not legally certain that the case is worth less than the jurisdictional minimum, and the amount in controversy requirement is satisfied.

Accordingly, the Court **DENIES** Lakin's motion to remand (Doc. 9) and his motion for leave to cite additional authority (Doc. 24). This case shall proceed before this Court.

**IT IS SO ORDERED.**
**DATED:   March 25, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
