UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOWELL THOMAS LAKIN,

   Plaintiff,

   v.

GEICO CASUALTY COMPANY,

   Defendant.

Case No. 19-cv-1358-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the joint motion to remand (Doc. 27) and stipulation to limit damages (Doc. 28) filed by plaintiff Lowell Thomas Lakin and defendant GEICO Casualty Company. They ask the Court to remand this case to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, in light of their post-removal agreement to limit the total amount of damages sought and/or accepted to less than $75,000, the jurisdictional amount in controversy required to invoke federal diversity jurisdiction under 28 U.S.C. § 1332(a).

> Apparently, the parties did not heed the Court's earlier statement of the law:
>
> In cases removed on the basis of original diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed. [*Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006)]; *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). <u>Post-removal events to reduce the amount in controversy do not negate the establishment of a jurisdictionally sufficient amount at the time of removal.</u> [*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006)]. Thus, even if a plaintiff makes an irrevocable promise after the case is removed not to accept more than the jurisdictional minimum, the Court would not be justified in remanding the case if federal jurisdiction existed at the time of removal. *St. Paul*, 303 U.S. at 292-93; *Rising-Moore*, 435 F.3d at 816; *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*).

Mem. & Order 3 (Mar. 25, 2020) (emphasis added) (Doc. 26).

The Court has already found the amount in controversy was satisfied at the time of removal.   Thus, no post-removal stipulation to limit damages or joint motion for remand would justify remanding this case now.   To be effective to avoid federal diversity jurisdiction, any such statement must be made before removal, and it is too late for that.   If the parties both truly wish to proceed in state court, they may stipulate to dismissal of this case without prejudice and refile the case in state court with, if necessary, an agreement not to assert the statute of limitations as a defense.   Otherwise, this case will remain in this forum.

For these reasons, the Court **DENIES** the joint motion to remand (Doc. 27).

**IT IS SO ORDERED.**
**DATED:   June 16, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**